UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :
                                                   :     Chapter 11
FAIRWAY GROUP HOLDINGS                             :
CORP., *et al.*,                                   :     Case No. 20-10161 (JLG)
                                                   :
         Debtors.[1]                               :     (Joint Administration Pending)
------------------------------------------------------------------x

EMERGENCY BRIDGE ORDER AUTHORIZING
(I) POSTPETITION USE OF CASH COLLATERAL AND (II) USE OF CASH
MANAGEMENT SYSTEM ON AN INTERIM BASIS FOR CRITICAL EXPENSES

Upon the request of Fairway Group Holdings Corp. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**Fairway**"),[2] pursuant to sections 363(b), 363(c), and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), for authority to (i) use cash collateral on an emergency basis to pay certain vendors for critical goods and services delivered postpetition in the ordinary course of business in an aggregate amount not to exceed $3.5 million (collectively, the "**Critical Expenses**"), and (ii) continue using their existing cash management system, including the continued maintenance of their existing bank accounts and business forms, for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: Fairway Group Holdings Corp. (2788); Fairway Group Acquisition Company (2860); Fairway Bakery LLC (4129); Fairway Broadway LLC (8591); Fairway Chelsea LLC (0288); Fairway Construction Group, LLC (2741); Fairway Douglaston LLC (2650); Fairway East 86th Street LLC (3822); Fairway eCommerce LLC (3081); Fairway Georgetowne LLC (9609); Fairway Greenwich Street LLC (6422); Fairway Group Central Services LLC (7843); Fairway Group Plainview LLC (8643); Fairway Hudson Yards LLC (9331); Fairway Kips Bay LLC (0791); FN Store LLC (9240); Fairway Paramus LLC (3338); Fairway Pelham LLC (3119); Fairway Pelham Wines & Spirits LLC (3141); Fairway Red Hook LLC (8813); Fairway Stamford LLC (0738); Fairway Stamford Wines & Spirits LLC (3021); Fairway Staten Island LLC (1732); Fairway Uptown LLC (8719); Fairway Westbury LLC (6240); and Fairway Woodland Park LLC (9544). The location of the Debtors' corporate headquarters is 2284 12th Avenue, New York, New York 10027. Fairway Community Foundation Inc., a charitable organization, owned by Fairway Group Holdings Corp., is not a debtor in these proceedings.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Declaration of Abel Porter Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* (ECF No. 25) and *Declaration of Michael Nowlan Pursuant to Rule 1007-2 of Local Bankruptcy Rules for Southern District of New York* (ECF No. 4) (together, the "**First Day Declarations**").

purposes thereof; and the Debtors having filed the First Day Declarations; and the Court having jurisdiction to consider the Debtors' request and the relief requested pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Prepetition Lenders having consented to the limited relief granted herein; and it appearing that the relief requested is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested is granted to the extent set forth herein.

2. Pending the hearing on the Debtors' first day motions scheduled on January 27, 2020 at 2:00 p.m. (Eastern Time) (the "**First Day Hearing**"), the Debtors are authorized, but not directed to, use Cash Collateral to make the Critical Expenses in the ordinary course of business; provided that Critical Expenses shall not exceed $3.5 million in the aggregate.

3. To the extent that the *Motion of Debtors for (I) Authority to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, (C) Grant Liens and Provide Superpriority Administrative Expense Status, (D) Grant Adequate Protection, (E) Modify the Automatic Stay, and (F) Schedule a Final Hearing and (II) Related Relief* (ECF No. 20) (the "**DIP Motion**") is approved by the Court at the First Day Hearing, the use of Cash Collateral for funding the

2

Critical Expenses shall be subject to the adequate protection ultimately granted to the Prepetition Lenders in exchange for use of Cash Collateral. If the DIP Motion is not granted, the Prepetition Lenders shall be entitled to adequate protection to be determined by the Bankruptcy Court.

4. Pending a hearing on the *Motion of Debtors for Entry of Order (I) Authorizing Debtors to (A) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (B) Implement Changes to Cash Management System in the Ordinary Course of Business, and (C) Continue Intercompany Transactions; (II) Confirming Administrative Expense Priority for Postpetition Intercompany Claims; and (III) Granting Related Relief* (ECF No. 8) (the "**Cash Management Motion**"), the Debtors are hereby authorized to continue to use their cash management system on the terms and conditions set forth in any order entered with respect to the Cash Management Motion at the First Day Hearing for the purpose of effectuating this Order.

5. The banks and other financial institutions at which the Debtors maintain accounts shall be, and hereby are, authorized, when requested by the Debtors in the Debtors' sole discretion, to receive, process, honor, and pay any and all checks drawn on the Debtors' disbursement accounts and any other transfers that are related to the Critical Expenses, provided that sufficient funds are available in the accounts to make the payments.

6. The banks and other financial institutions at which the Debtors maintain accounts are authorized to rely upon the representations of the Debtors as to which checks and transfers to honor with respect to the payment of the Critical Expenses and such banks shall not have any liability to any party for relying on such representations by the Debtors.

7. Notwithstanding any provision of the Bankruptcy Code or the Bankruptcy Rules to the contrary, this Bridge Order shall take effect immediately upon signature.

3

8. This Bridge Order is effective only through the conclusion of the First Day Hearing, unless otherwise extended by the Court. This Court's ultimate disposition of the and Cash Management Motion or DIP Motion shall not impair any action taken pursuant to this Bridge Order.

9. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Bridge Order.

10. The Debtors will provide a list of vendors paid under this Bridge Order prior to the First Day Hearing to (i) the United States Trustee for the Southern District for New York and (ii) counsel to the Ad Hoc Group.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Bridge Order.

Dated: January 23, 2020
New York, New York

/s/ *James L. Garrity, Jr.*
UNITED STATES BANKRUPTCY JUDGE