# BANKRUPTCY DEPOSITORY BOND IN FAVOR OF THE UNITED STATES
(11 U.S.C. § 345)

Bond #: 014214775     Fairway Group Holdings Corp.   Case Number 20-10161

KNOW ALL MEN BY THESE PRESENTS:

MAR 1 1 2020

That we, Citizens Bank, N.A.   (the "Principal"), with its principal office at One Citizens Place, Providence, RI 02903 , which acts as a depository bank for certain funds of bankruptcy estates administered under chapters 7, 11, 12, or 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the Southern District of New York, including the United States Bankruptcy Court for said district (collectively, the "Court"), as Principal, *and* Liberty Mutual Insurance Company (the "Surety"), with its principal office at 1 South Wacker Drive, Suite 2200, Chicago, IL, 60606, and duly authorized to transact business in the state of New York, as Surety, are held and firmly bound, in conformity with 11 U.S.C. § 345, unto the United States of America in the aggregate penal sum of Thirty Six Million Six Hundred Thousand Dollars No/100-dollars ($ 36,600,000.00 ), for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, successors, assigns, and our administrators, jointly and severally, by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH THAT:

WHEREAS, certain persons serve as trustees in cases arising under chapters 7, 11, 12, or 13 of the Bankruptcy Code (the "Trustees"), and certain persons remain in control of estates in certain reorganization cases under chapter 11 of the Bankruptcy Code (the "Debtors-in-Possession"); and

WHEREAS, certain Trustees and/or Debtors-in-Possession have asked the Principal to act as a depository for certain monies belonging to the bankruptcy estates being administered in the cases pending before the Court; and

WHEREAS, the Principal and the Surety must comply with 11 U.S.C. § 345;

NOW THEREFORE, the condition of the above obligation is such that if the Principal shall faithfully account for and repay all monies deposited with the Principal, as a depository for monies belonging to the bankruptcy estates being administered by the Trustees and Debtors-in- Possession in bankruptcy cases pending before the Court, and if the Principal also shall faithfully fulfill all of its obligations under 11 U.S.C. § 345, then this obligation shall be null and void; otherwise it shall remain in full force and effect, subject to the following conditions:

1. In the event of the failure of the Principal to satisfy the conditions above during the period of this bond ("Default"), the United States Trustee, on behalf of the United States of America, shall make reasonable efforts to provide written notice to the Surety to:

   Liberty Mutual Insurance Company
   Attention: Liberty Mutual Surety Claims
   P.O. Box 34526
   Seattle, WA 98124

Failure to provide notice shall not constitute a waiver of the United States' rights or the rights of those on whose behalf the United States may be acting.

2. The Surety need not make payment under this bond on that portion of any deposit held by the Principal that is paid by the Federal Deposit Insurance Corporation as a deposit pursuant to title 12 of the United States Code.

3. The Surety may cancel this bond at any time by giving ninety (90) days notice in writing by registered mail to the United States to:

    United States Trustee
    Region: Southern District of New York
    One Bowling Green
    New York, NY 10004-1408

    In the event such notice is sent, the Surety's liability under this bond shall terminate at the expiration of ninety (90) days from the date of receipt of such notice, but such termination shall not relieve the Surety of liability for Defaults arising prior to the effective date of such cancellation.

The Principal and the Surety agree that they shall not amend, modify, or vary any term of this bond, including, but not limited to, the amount of the penal sum, without the prior written consent of the United States Trustee for Region Southern District of New York.

The Surety hereby represents and warrants that it is an acceptable Surety under, and is in full compliance with, sections 9304 and 9308 of title 31 of the United States Code and Treasury Department Circular 570. Surety hereby binds itself to notify the United States Trustee for Region Southern District of New York immediately if, for any reason, it should cease being in full compliance with either section 9304 or 9308 of title 31 of the United States Code or with Treasury Department Circular 570.

The effective date of this bond is 27th of January, 2020.

Signed, Sealed and Dated this 6th of March, 2020.

Citizens Bank, N.A.

By: _Warren Butler_ (signature)

WARREN BUTLER, VP
Print Name & Title for Principal:

Liberty Mutual Insurance Company

By: _Mark L. Rader_ (signature)

Mark L. Rader
Attorney-In-Fact [of the Surety]

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

**Liberty Mutual.**
SURETY

Liberty Mutual Insurance Company
The Ohio Casualty Insurance Company
West American Insurance Company

Certificate No: **8202804-014181**

# POWER OF ATTORNEY

**KNOWN ALL PERSONS BY THESE PRESENTS:** That The Ohio Casualty Insurance Company is a corporation duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint, __Linda Discenza, Roberta L. Hardy, David C. Jacobs, Geri Patronite, Mark L. Rader__

all of the city of _____Cleveland_____ state of _____Ohio_____ each individually if there be more than one named, its true and lawful attorney-in-fact, to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Companies in their own proper persons.

**IN WITNESS WHEREOF,** this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this __30th__ day of __December__, __2019__.



Liberty Mutual Insurance Company
The Ohio Casualty Insurance Company
West American Insurance Company

By: _David M. Carey_
David M. Carey, Assistant Secretary

State of PENNSYLVANIA
County of MONTGOMERY ss

On this __30th__ day of __December__, __2019__ before me personally appeared David M. Carey, who acknowledged himself to be the Assistant Secretary of Liberty Mutual Insurance Company, The Ohio Casualty Company, and West American Insurance Company, and that he, as such, being authorized so to do, execute the foregoing instrument for the purposes therein contained by signing on behalf of the corporations by himself as a duly authorized officer.

**IN WITNESS WHEREOF,** I have hereunto subscribed my name and affixed my notarial seal at King of Prussia, Pennsylvania, on the day and year first above written.



COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Teresa Pastella, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires March 28, 2021
Member, Pennsylvania Association of Notaries

By: _Teresa Pastella_
Teresa Pastella, Notary Public

This Power of Attorney is made and executed pursuant to and by authority of the following By-laws and Authorizations of The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company which resolutions are now in full force and effect reading as follows:

**ARTICLE IV – OFFICERS:** Section 12. Power of Attorney.
Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

**ARTICLE XIII – Execution of Contracts:** Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

**Certificate of Designation** – The President of the Company, acting pursuant to the Bylaws of the Company, authorizes David M. Carey, Assistant Secretary to appoint such attorneys-in-fact as may be necessary to act on behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

**Authorization** – By unanimous consent of the Company's Board of Directors, the Company consents that facsimile or mechanically reproduced signature of any assistant secretary of the Company, wherever appearing upon a certified copy of any power of attorney issued by the Company in connection with surety bonds, shall be valid and binding upon the Company with the same force and effect as though manually affixed.

I, Renee C. Llewellyn, the undersigned, Assistant Secretary, The Ohio Casualty Insurance Company, Liberty Mutual Insurance Company, and West American Insurance Company do hereby certify that the original power of attorney of which the foregoing is a full, true and correct copy of the Power of Attorney executed by said Companies, is in full force and effect and has not been revoked.

**IN TESTIMONY WHEREOF,** I have hereunto set my hand and affixed the seals of said Companies this __6th__ day of __March__, __2020__.



By: _Renee C. Llewellyn_
Renee C. Llewellyn, Assistant Secretary

LMS-12873 LMIC OCIC WAIC Multi Co_12/19

*Not valid for mortgage, note, loan, letter of credit, currency rate, interest rate or residual value guarantees.*

*To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.*



## LIBERTY MUTUAL INSURANCE COMPANY
### FINANCIAL STATEMENT — DECEMBER 31, 2018

| Assets | | Liabilities | |
|---|---:|---|---:|
| Cash and Bank Deposits | $464,341,712 | Unearned Premiums | $7,851,429,449 |
| *Bonds — U.S Government | 2,259,714,810 | Reserve for Claims and Claims Expense | 20,165,209,300 |
| *Other Bonds | 11,864,776,740 | Funds Held Under Reinsurance Treaties | 384,795,327 |
| *Stocks | 16,527,715,226 | Reserve for Dividends to Policyholders | 1,111,529 |
| Real Estate | 255,809,551 | Additional Statutory Reserve | 62,866,000 |
| Agents' Balances or Uncollected Premiums | 5,817,927,234 | Reserve for Commissions, Taxes and Other Liabilities | 3,999,822,802 |
| Accrued Interest and Rents | 108,139,840 | **Total** | **$32,465,234,407** |
| Other Admitted Assets | 11,532,139,744 | | |

| | | |
|---|---:|---:|
| Special Surplus Funds | $43,108,583 | |
| Capital Stock | 10,000,000 | |
| Paid in Surplus | 10,044,912,727 | |
| Unassigned Surplus | 6,267,309,139 | |
| Surplus to Policyholders | | 16,365,330,449 |

**Total Admitted Assets ................ $48,830,564,857**

**Total Liabilities and Surplus ................ $48,830,564,856**



\* Bonds are stated at amortized or investment value; Stocks at Association Market Values.
The foregoing financial information is taken from Liberty Mutual Insurance Company's financial statement filed with the state of Massachusetts Department of Insurance.

I, TIM MIKOLAJEWSKI, Assistant Secretary of Liberty Mutual Insurance Company, do hereby certify that the foregoing is a true, and correct statement of the Assets and Liabilities of said Corporation, as of December 31, 2018, to the best of my knowledge and belief.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation at Seattle, Washington, this 22nd day of March, 2019.

_T A Mikolajewski_
Assistant Secretary

S-1262LMIC/a 3/19