| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | | NOT FOR PUBLICATION |
| ------------------------------------------------------------x<br>In re<br><br>OLD MARKET GROUP HOLDINGS<br>CORP., *et al.*,<br><br>   Debtors.[1]<br><br>------------------------------------------------------------x | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br>Chapter 11<br><br><br>Case No. 20-10161 (PB)<br><br>(Jointly Administered) |

## Memorandum Decision and Order
## Denying Katzman's Motion for Reconsideration

**A P P E A R A N C E S :**

WOLLMUTH MAHER & DEUTSCH LLP
*Counsel for VSM NY Holdings LLC,*
*VSM NY Distribution LLC and Village*
*Super Market, Inc.*
500 Fifth Avenue
New York, New York 10110
<u>By</u>: Paul R. DeFilippo, Esq.
   James N. Lawlor, Esq.
   Joseph F. Pacelli, Esq.

METZ LEWIS BRODMAN
MUST O'KEEFE LLC
*Counsel for VSM NY Holdings LLC,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of their federal tax identification number, are as follows: Old Market Bakery LLC (4129); Old Market Broadway LLC (8591); Old Market Chelsea LLC (0288); Old Market Construction Group, LLC (2741); Old Market Douglaston LLC (2650); Old Market East 86th Street LLC (3822); Old Market eCommerce LLC (3081); Old Market Georgetowne LLC (9609); Old Market Greenwich Street LLC (6422); Old Market Group Central Services LLC (7843); Old Market Group Plainview LLC (8643); Old Market Hudson Yards LLC (9331); Old Market Kips Bay LLC (0791); Old Market Store LLC (9240); Old Market Pelham LLC (3119); Old Market Pelham Wines & Spirits LLC (3141); Old Market Red Hook LLC (8813); Old Market Stamford LLC (0738); Old Market Stamford Wines & Spirits LLC (3021); Old Market Staten Island LLC (1732); Old Market Uptown LLC (8719); and Old Market Westbury LLC (6240). The location of the Wind Down Estates corporate headquarters is 2284 12th Avenue, New York, New York 10027. Old Market Community Foundation Inc., a charitable organization, owned by Old Market Group Holdings Corp., is not a debtor in these proceedings.

*VSM NY Distribution LLC and Village*
*Super Market, Inc*
535 Smithfield Street, Suite 800
Pittsburgh, Pennsylvania 15222
<u>By:</u>   Barry I. Friedman, Esq.

DONIGER / BURROUGHS
*Counsel for Ferguson &*
*Katzman Photography, Inc.*
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
<u>By:</u>   Scott Alan Burroughs, Esq.
        Michael D. Steger, Esq.

WEIL, GOTSHAL & MANGES LLP
Attorneys for the Plan Administrator
767 Fifth Avenue
New York, New York 10153
<u>By:</u>   Sunny Singh, Esq.
        Jared R. Friedmann, Esq.

**<u>Honorable Philip Bentley</u>**
**<u>U.S. Bankruptcy Judge</u>**

By this motion [ECF No. 1286] (the "Motion"), Ferguson & Katzman Photography, Inc. ("Katzman") moves for reconsideration, under Federal Rules of Bankruptcy Procedure 9023 and 9024 and Federal Rules of Civil Procedure 59(e) and 60(b), of the September 21, 2022 decision [ECF No. 1282] (the "Order") of this Court. That decision, by Judge James L. Garrity, Jr., granted the motion of Village Super Market, Inc. and several of its affiliates (collectively, "Village") to enforce the April 20, 2020 sale order in these chapter 11 proceedings [ECF No. 449] (the "Sale Order"), by which the Debtors sold five stores and certain related assets to Village. Specifically, the Order held that the Sale Order bars Katzman's continued prosecution of its pending copyright action against Village.

Motions for reconsideration under Rules 59(e) and 60(b) are subject to a stringent standard. As the Second Circuit has held with regard to motions under Rule 59(e), "[t]he standard for

granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple . . . .'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

The standards governing motions under Rule 60(b) are similarly strict. While a court may use Rule 60(b) to correct its own legal errors if it so chooses, the rule is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (citations omitted).

Katzman advances five arguments for reconsideration of the Order. None of them satisfy the governing standards under either Rule 59(e) or Rule 60(b). Regrettably, most of the arguments advanced by Katzman simply ignore, or misstate, the clearly stated rationale of Judge Garrity's decision.

Katzman argues, first, that "[t]he Order's fundamental issue [*sic*] is that it conflates ownership of Fairway's physical 'Store Furnishings,' which the Order found to include the physical copies of the Katzman photographs, with the attendant *copyrights* for those photographs." (Motion at 4, emphasis in original; *see also id.* at 11.) But Judge Garrity's decision carefully distinguished between the physical assets that Fairway sold, including the photographs that incorporated Katzman's work, and the right to use those photographs. The Order specifically stated that the Debtors did not transfer to Village any license to use the photographs — and indeed, that the Debtors could not have done so, because the Katzman license expired prior to the date of the sale. (Order at 24–26.)

As the Order explains, its basis for enjoining Katzman's suit is not that, by acquiring Katzman's photographs, Village thereby acquired a license to display them. Instead, the Order finds that the Sale Order bars Katzman's suit for a two-fold reason: (i) the Sale Order, by its terms, enjoins all claims "in any way relating to . . . the Acquired Assets or the Debtors' businesses prior to the Closing Date" (Order at 21; *see also id.* at 26–29); and (ii) as a matter of copyright law, Village's display of Katzman's photographs gave rise not to a new claim that accrued post-sale based on Village's conduct, but instead to a continuation of the copyright infringement claim that had arisen pre-sale based on the Debtors' conduct. (*Id.* at 21, 34–38.) As just noted, claims of this sort are expressly barred by the Sale Order.

Katzman's second argument (Motion at 7–9) fails for similar reasons. The argument appears to be, once again, that Section 363 cannot shield Village from suit for its use of the photographs, because the assets it purchased from the Debtors did not include the transfer of any copyrights. But as just noted, the Order specifically acknowledges that the sale did not transfer any copyright license to Village. The Order's basis for enjoining Katzman's suit is entirely different.

Katzman's third argument (Motion at 9–10) is that the publication notice of the Sale Order provided by the Debtors did not give Katzman "notice that Fairway was selling a license, copyright, or other intellectual property right to Village." This is true but irrelevant, since no such license was sold. What is dispositive is that the Sale Order (of which Katzman does not dispute it received proper notice) expressly enjoined all claims in any way related to the Debtors' pre-sale businesses. As discussed below, the law governing whether Katzman's claims against Village did in fact relate to and arise out of the Debtors' pre-sale businesses, instead of post-sale circumstances, is sparse, and Katzman may have a colorable argument on appeal that the

Bankruptcy Court erred in finding these claims arose pre-sale. But Katzman has no basis to challenge the adequacy of the notice that was provided.

Katzman's fourth argument (Motion at 10) is that the Order misapplied the Copyright Act's definition of what it means to "publicly" perform or display a work, *see* 17 U.S.C. § 101. According to Katzman, the Order mistakenly applied the second, rather than the first, of the statute's two alternate definitions of this term and held "that Village's display of the Katzman photographs in its stores is not a public display." (Motion at 10.) In fact, the Order held just the opposite on both points. It correctly ruled that the first, not the second, of these two statutory definitions applies to this case, and that Village's display of Katzman's photographs *is* a public display. (*See* Order at 36–37.)

Katzman's fifth argument (Motion at 11) is that the Order "reverse[d] the burden of proof" by failing to require Village to present evidence that it had acquired a valid license to display Katzman's photographs. Like Katzman's first three arguments, this ignores the Order's clear statement that no license was transferred to Village and that the Order's injunction rests on entirely different grounds.

Katzman's final argument is that the Order is unprecedented: "*[N]o other court* has ever reached the conclusion that the Order reaches, namely that when a party buys a copyrighted work in a bankruptcy proceeding it can continue to infringe on the artist's rights in that work by simply infringing in the same manner as the predecessor." (Motion at 11; emphasis in original.) This may be true. The precise issue addressed in the Order — the effect of a Section 363 sale order on the buyer's liability for continuing copyright infringement — appears to be an issue of first impression. Even on the analogous issue on which Judge Garrity based his ruling — whether for statute of limitations purposes the continued display of a copyrighted work gives rise to a new copyright

infringement claim — there appears to be little precedent, and none of it is controlling. There may be fair grounds for disagreement as to the Bankruptcy Court's resolution of this issue, and Katzman is free to challenge the ruling on appeal. But the ruling certainly did not overlook controlling precedent or involve clear error of any sort. Disagreement over a court's resolution of a novel issue, without more, is not a basis for reconsideration under Rule 59 or Rule 60.

    For these reasons, the Court DENIES the motion for reconsideration.

    IT IS SO ORDERED.

Dated:  New York, New York
        October 19, 2022

                                      /s/ Philip Bentley
                                      **Honorable Philip Bentley**
                                      **United States Bankruptcy Judge**